UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEBSTER BANK, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. 3:01CV01959(SRU) |
| : | |
| DEBBIE M. KERPEN, A/K/A DEBBIE C. : | |
| KERPEN A/K/A DEBBIE KERPEN A/K/A : | |
| DEBORAH KERPEN, BANKBOSTON, N.A. : | |
| N/K/A FLEET BANK, ROBERT KERPEN, : | |
| HATMAN CONSTRUCTION, LLC, AND : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendants. : | November 30, 2004 |

## DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO COURT'S ORDER RE: STATUS AND REQUEST TO CLOSE CASE

Defendant the United States of America (the "United States") hereby responds to the Court's November 22, 2004, "Order re: Status" by stating that all appropriate relief in the above case has been granted, that each party has either acknowledged receiving appropriate relief or has withdrawn its claim, and that the time has come to close the case. As grounds for this statement and request, the United States says:

1. Plaintiff Webster Bank initiated the above civil foreclosure action to collect its mortgage on certain real property located at 131-135 Warner Road, in East Haven, Connecticut. The United States had previously commenced both civil and criminal forfeiture proceedings against the same property based on allegations, among others, that the listed owner, Debbie M. Kerpen, had used the property to facilitate a prostitution business in violation of 18 U.S.C. 1952(a)(3) (interstate acts in aid of racketeering), and that she had also purchased the property with proceeds of that same prostitution business.

2. On May 27, 2003, the Court issued an Order proposed by the United States, which stated, among other things: (1) that the proceeds of the foreclosure sale of 131-135 Warner Road would be used to satisfy all adequately proven claims of three creditors, consisting of plaintiff Webster Bank, defendant BankBoston, N.A. N/K/A Fleet Bank ("Fleet Bank"), and defendant Hatman Construction, LLC ("Hatman"); and (2) "that, after any such disbursements pursuant to the Court's partial supplemental judgment, the funds remaining shall be deposited in the United States Marshals Seized Asset Deposit Account, pending the disposition of the related forfeiture actions, Civil No. 3:01CV829[(SRU)] and Criminal No. 3:02CR230(SRU)." The United States's intent in proposing that Order was to effectuate the prompt satisfaction of the claims of the three creditors Webster Bank, Fleet Bank, and Hatman, while leaving the claims of the United States and of Robert Kerpen and Debbie M. Kerpen to be addressed later, after the criminal case against Debbie M. Kerpen was resolved.

3. The claims of all three creditors Webster Bank, Fleet Bank, and Hatman have been resolved, and counsel for all three such creditors have advised undersigned government counsel that they do not object to this case being closed. This fact was previously reported to the Court in the United State's Motion for Technical Correction of Escrow Order ("Motion for Correction"), filed on March 1, 2004. See Motion for Correction, ¶¶ 3-4 (listing disbursements paid to all three creditors, and reporting that all three creditors' counsels' had no objection to the case being closed).[1]

---

[1] In that same Motion for Correction, the United States reported that the foreclosure Committee counsel, Fred Anthony, Esq., had advised that as soon as the Committee could disburse the remaining funds to the United States, as Ordered by the Court, then the Committee would have no objection to the case's being closed. Since

4. Debbie M. Kerpen's status in this litigation has been resolved by her agreeing to forfeit 131-135 Warner Road as part of a plea of guilty in the related criminal case. Specifically, on February 25, 2004, Debbie M. Kerpen entered a guilty plea in Criminal Case No. 3:02CR230(SRU). As part of that guilty plea, Debbie M. Kerpen agreed to the forfeiture of all real properties listed in Count 45 of the Indictment in the criminal case, which list included the 131-135 Warner Road property that is the subject of the above-captioned litigation. Accordingly, on March 9, 2004, in Criminal Case No. 3:02CR230(SRU), this Court issued a Preliminary Order of Forfeiture, which extinguished Debbie M. Kerpen's claim to the 131-135 Warner Road property.[2]

5. Robert Kerpen's status in this litigation has been resolved by his having withdrawn his claim to the property. Specifically, in a deposition of Robert Kerpen conducted on November 4, 2004, in the related civil forfeiture case of <u>U.S. v. 37.5 Baja Sport Cruiser, et al</u>, No. 3:01 CV 2090(PCD), Robert Kerpen withdrew his claim on the record as part of an agreed-upon settlement of, among other assets, the proceeds of the sale of 131-135 Warner Road. On November 8, 2004, in the criminal case against Debbie M. Kerpen, No. 3:02CR230(SRU), this Court issued a Final Order of Forfeiture with respect to, among other assets, 131 and 135 Warner Road. This Order extinguished the claims of all third-parties to the properties, including the claim of Robert Kerpen.

---

that time, the Committee has disbursed the remaining funds to the United States.

[2] On November 5, 2004, Debbie M. Kerpen was sentenced in the criminal case.

6. The United States has no further relief to be sought in the above-captioned civil case, and requests that it be closed out.

7. Based on the foregoing, it is clear that in the matter of <u>Webster Bank v. Debbie M. Kerpen, et al</u>., Civil No. 3:01CV01959(SRU), all six parties have either obtained appropriate relief or withdrawn their claims, and there remain no issues left to litigate or resolve.

WHEREFORE, the United States respectfully submits, based on the record of this case and of the other, related cases discussed above, that the time has come to close out the case of <u>Webster Bank v. Debbie M. Kerpen, et al</u>., Civil No. 3:01CV01959(SRU).

    Respectfully submitted

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


By:    HENRY K. KOPEL
    ASSISTANT UNITED STATES ATTORNEY
    Fed. Bar No. ct24829
    157 Church Street, 23d Floor
    New Haven, CT 06510
    (203) 821-3769

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that I caused a copy of the foregoing to be sent by first-class mail, this 30th day of November, 2004, to counsel for each represented party, and directly to the <u>pro</u> <u>se</u> party Robert Kerpen, as follows:

FORECLOSURE COMMITTEE
Fred Anthony, Esq.
90 Huntington St.
Shelton, CT  06484

WEBSTER BANK
Tom Welch, Esq.
Winnick, Vine, Welch
  & Todosio
375 Bridgeport Ave.
Shelton, CT 06484

FLEET BANK
Michael Auger, Esq.
Cohen, Auger, Burns & Hard
39 Grand Street
Hartford, CT 06106

HATMAN CONSTRUCTION CO.
Joshua Winnick, Esq.
Winnick, Ruben, Chambers,
Evans and Hoffnung, LLC
110 Whitney Ave.
New Haven, CT 06510

DEBBIE M. KERPEN
William M. Bloss, Esq.
Jacobs, Grundberg,
  Belt & Dow, P.C.
350 Orange Street
New Haven, CT  06511

ROBERT KERPEN, PRO SE
P.O. Box 263
North Haven, CT

_____
Assistant U.S. Attorney